[Civ. No. 8794.   Second Appellate District, Division Two.—November 29, 1932.]

BONANZA SYNDICATE (a Copartnership) et al., Petitioners, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent.

Charles S. Darden and Ernest B. Coil for Petitioners.

Schauer, Ryon & Goux and Leo T. McMahon for Respondent.

WORKS, P. J.—■■■ Petitioners filed with respondent court a notice of appeal from a judgment entered against them by a justice court in an action in which they were defendants. In due time they also filed with respondent court an undertaking on the appeal with two sureties, and the opposing parties thereafter excepted to the sufficiency

of the sureties under section 978a of the Code of Civil Procedure and the other steps prescribed by that section were taken, up to a certain point. At that point we begin. The sureties who had signed the bond did not appear at the time set for their justification, but the appellants tendered two other willing sureties in their stead. The justice court refused to permit these latter two to justify and the counsel for respondents on the appeal declined to question them as to their financial qualifications and ''withdrew from the proceedings.''. Thereafter and on the same day the would-be sureties swore to and signed, before a notary public, the affidavit which under the law accompanies such bonds and signed the bond itself. The paper was then, and on the same day, filed. Thereafter and upon notice respondent court made its order dismissing the appeal on the ground of a ''failure of sureties on appeal to justify''. It is this order which is sought to be reviewed in this proceeding.

Respondent in the present proceeding contends that the order of dismissal was proper for the reason that there was no undertaking upon which the two new sureties could justify; in other words, that the time for their justification could not have arrived until after they had actually signed the bond in place of those whose names were originally appended to it. While there is no reported decision upon the point made, the practice in many cases in the superior court has been that adopted by the appealing parties in the present instance, and we are entirely satisfied of its correctness. The justice should have proceeded with a justification of the newly proffered sureties and, if they stood the test of an examination into their financial resources, should have permitted them to sign the bond. This course not having been followed, the appellants had the right to cause the signatures then to be appended to the instrument and the undertaking was at once good.

Order annulled.

Craig, J., and Thompson (Ira F.), J., concurred.